

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00171-CR

Dominique Martez **REED**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0009
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  May 27, 2015

DISMISSED

Appellant entered into a plea bargain agreement with the State, pursuant to which he pled guilty to the offense of murder. Under the plea agreement, the State agreed to withdraw Count I of the indictment — which charged appellant with capital murder — and proceed only on Count II — which charged appellant with murder — thereby effectively agreeing to limit the possible sentence and rendering the agreement as one relating to punishment for purposes of Rule 25.2 of the Texas Rules of Appellate Procedure. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *see also* TEX. R. APP. P. 25.2(a). The trial court imposed sentence and signed a

certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* R. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* R. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The court gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal was made part of the appellate record within thirty days of the date of our order. *See* R. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant's appointed appellate counsel filed a written response, stating he has reviewed the record and can find no right of appeal and therefore, no amended certification would be sought. After reviewing the record and counsel's notice, we agree that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. *See* R. 25.2(d).

PER CURIAM

Do Not Publish